UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BENJAMIN AND HEATHER ECHEVARRIA, husband and wife, B&H CONSULTING SERVICES, LLC., | Case No. 1:10-CV-00642-EJL |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| JAMES PICCOLO and REAL ESTATE WORLDWIDE, LLC, and THE QUAN PROJECT, LLC, and SONJA LEE, | |
| Defendants. | |

Pending before the Court in the above-entitled matter is James Piccolo's

("Piccolo"), Real Estate Worldwide, LLC's ("Worldwide")  and Sonja Lee's ("Lee")

(collectively referred to as "Defendants") Motion to Dismiss Verified Complaint Due To:

Lack of Personal Jurisdiction or, in the Alternative Improper Venue and Forum Non-

Conveniens (Dkt. 6).  Having fully reviewed the record, the Court finds that the facts and

legal arguments are adequately presented in the briefs and record.  Accordingly, in the

interest of avoiding further delay, and because the Court conclusively finds that the

**MEMORANDUM ORDER - 1**

decisional process would not be significantly aided by oral argument, this matter shall be

decided on the record before this Court without oral argument.

## FACTUAL BACKGROUND

Plaintiffs Benjamin and Heather Echevarria (the "Echevarrias") are Idaho

residents.  The Echevarrias own B&H Consulting Services, L.L.C. ("B&H Consulting")

which is an Idaho limited liability company.  The Echevarrias and B&H Consulting are

collectively referred to as "Plaintiffs."  Defendant Worldwide, is an Arizona limited

liability company with its principal place of business in Arizona.  Plaintiffs allege Piccolo

holds an interest in Worldwide via a Nevada limited liability company Piccolo set up

called The Quan Project, LLC ("The Quan Project").  Plaintiffs allege, and Piccolo does

not deny, that The Quan Project is controlled by Piccolo as the sole member/manager of

the limited liability company.   Piccolo and Lee are residents of Arizona.  Lee has never

traveled to Idaho and Piccolo traveled to Idaho once for a day or two about five years ago

to make a speech.

Plaintiffs were associated with Piccolo through a franchise real estate and

education company called Nouveau Riche for a period of seven years.  In June 2009,

Piccolo invited Plaintiffs to join him in financing a new limited liability company to

provide specialized and sophisticated real estate investment training.  Plaintiffs allege

Piccolo said he would be a 50% owner and the Echevarrias would be 50% owners of the

new limited liability company.  The Echevarrias indicate they were contacted about the

investment at their residence in Eagle, Idaho through telephonic and electronic means.

**MEMORANDUM ORDER - 2**

On August 29, 2009, Worldwide and Plaintiffs entered into an Agreement for Plaintiffs to acquire a membership interest in Worldwide.   The written agreement was entered into in Arizona.   In exchange for the 50% membership interest, Plaintiffs were to make a capital contribution of $500,000.  Plaintiffs made the first deposit of $250,000 on August 31, 2009, but did not make the remaining $250,000 contribution.  On November 9, 2009, Plaintiffs informed Worldwide that due to family concerns they could not proceed with the partnership with Worldwide.

On November 2, 2010, Defendant Worldwide filed a lawsuit in state court in Arizona against Plaintiffs alleging breach of contract and defamation.  Plaintiffs filed their own action in federal court in the District of Idaho on December 27, 2010 (Dkt. 1) against Worldwide, Piccolo, Lee and The Quan Project.  Plaintiffs allege breach of contract, fraud, concealment, conspiracy, breach of fiduciary duty and recission.  Default has been entered against The Quan Project for failure to answer the Complaint. Dkt. 17. Defendants Worldwide, Piccolo and Lee filed their motion to dismiss for lack of jurisdiction or in the alternative improper venue and forum non-conveniens on April 20, 2011.

Without getting into the disputed details of the breach of contract claims, Defendants argue this Court does not have personal jurisdiction over Worldwide, Piccolo or Lee.  The Defendants claim Worldwide has never conducted business in Idaho and has never made sales, solicited sales or engaged in any other business conduct in Idaho. In fact, Idaho is specifically not a territory in which Worldwide was attempting to provide

**MEMORANDUM ORDER - 3**

its services.  Piccolo claims he was physically in Idaho one day to make a speech unrelated to the current litigation and Lee claims she has never been to Idaho.

Plaintiffs acknowledge the agreement to purchase a membership interest was executed in Arizona, but respond that they received phone calls, text messages and emails from Piccolo and Lee in Idaho and used an Idaho bank to make the initial capital contribution to Worldwide and these acts are sufficient to establish personal jurisdiction over Defendants.  The Echevarrias also claim they taught a class for the benefit of Defendants and Nouveau Riche in Idaho in 2010 and were paid  $10,072 for their participation in the Idaho class by Piccolo.  Plaintiffs claim Defendants collected $201,453 in proceeds from the Idaho class.  Plaintiffs allege Piccolo (for himself and as an agent of Worldwide) made numerous false representations to them regarding returning their investment, transferring their interest, payment of commissions, payment of refund owed, etc.  Plaintiffs also claim Piccolo and Lee took actions unilaterally and without proper authorization under Worldwide's Operating Agreement.  Finally, Plaintiffs also submit the default entered against The Quan Project prevents transfer of the case to Arizona.

## STANDARD OF REVIEW

In a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proof of demonstrating that jurisdiction is appropriate.  *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The plaintiff "need only make a prima

**MEMORANDUM ORDER - 4**

facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.

1990).  The Court must take the plaintiff's uncontroverted allegations as true and conflicts

between the parties over statements in affidavits are resolved in plaintiff's favor.  *Dole*

*Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

## ANALYSIS

### 1. Personal Jurisdiction

    A. <u>Idaho Law Applies</u>

Personal jurisdiction over both parties is required before a court may decide a case

in controversy.  U.S. CONST. AMEND. XIV.  As there is not a federal statute governing

personal jurisdiction in this case, Idaho law applies.  *See Schwarzenegger v. Fred Martin*

*Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  In order for an Idaho court to exert

jurisdiction over an out-of-state defendant, the Supreme Court of Idaho has imposed a

two-part test.  *Smalley v. Kaiser*, 130 Idaho 909, 912, 950 P.2d 1248, 1251 (1997).  First,

the act giving rise to the cause of action must fall within Idaho's long-arm statute and

second, the constitutional standards of due process must be met.  *Id*.

Idaho's long-arm statute grants jurisdiction to Idaho courts over causes of action

which arise from, among other things: "[t]he transaction of any business within this state

which is hereby defined as the doing of any act for the purpose of realizing pecuniary

benefit or accomplishing or attempting to accomplish, transact or enhance the business

purpose or objective...;" and "[t]he commission of a tortious act within this state."  IDAHO

CODE § 5-514(a), (b).  In adopting § 5-514, the Idaho Legislature intended to exercise all

the jurisdiction available to the State of Idaho under the due process clause of the United States Constitution. *Houghland Farms, Inc. v. Johnson*, 803 P.2d 978, 981 (Idaho 1990). Thus, the inquiry is the same under both Idaho's long-arm statute and the federal due process clause and the Court need only decide whether asserting personal jurisdiction complies with due process. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

      B. <u>Types of Personal Jurisdiction:  General and Specific</u>

      There are two types of personal jurisdiction - general and specific. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).  General jurisdiction is exercised by a state when personal jurisdiction is asserted over a "defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicoptores Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 n. 9 (1984).  This occurs when the defendant has "substantial" or "continuous and systematic" contacts with the state to the extent that these contacts approximate physical presence. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000).  Plaintiffs do not seek to invoke general jurisdiction in this case.

      C. <u>Requirements for Specific Jurisdiction</u>

      Specific jurisdiction is exercised by a state when it asserts personal jurisdiction over a defendant in a lawsuit arising out of or related to the defendant's contacts with the forum state. *Helicoptores v. Hall*, 466 U.S. 408, 414 n. 8 (1984).  Specific jurisdiction depends on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).  The Ninth Circuit has established a three-part test to determine whether a court may exercise

**MEMORANDUM ORDER - 6**

specific personal jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must do some act or
> consummate some transaction with the forum or perform
> some act by which he *purposefully avails* himself of the
> privilege of conducting activities in the forum, thereby
> invoking the benefits and protections of its laws; (2) the claim
> must be one which *arises out of or relates to* the defendant's
> forum-related activities; and (3) the exercise of jurisdiction
> must comport with fair play and substantial justice, i.e. it must
> be *reasonable*.

*Id.* (emphasis added.)  *See also Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995).  The

Ninth Circuit has also noted that these "contacts" requirements can be lessened if

considerations of reasonableness so demand.  *Haisten v. Grass Valley Med.*

*Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986).

The first requirement of "purposeful availment" or "purposeful direction" ensures

that a defendant is not haled into court because of random, fortuitous or attenuated

contacts or on account of the unilateral activity of third parties.  *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 475 (1985).  Purposeful availment and purposeful direction,

although often used interchangeably, apply to two different situations, particularly in

Ninth Circuit case law.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797,

802 (9th Cir. 2004).  A purposeful availment analysis is more often used in suits

involving contracts, whereas a purposeful direction analysis is used in suits involving

torts.  *Id.*  This case contains both contract and  tort claims.

**MEMORANDUM ORDER - 7**

Purposeful availment requires a finding that the defendant has performed some affirmative conduct, such as executing or performing a contract, which allows or promotes the transaction of business within the forum.  *Id.*; *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001).  However, an individual's contract with a nonresident defendant alone does not automatically establish sufficient minimum contacts for the purpose of asserting personal jurisdiction.  *Id.*  In *Doe*, the Ninth Circuit noted you must also evaluate prior negotiations, contemplated future consequences, terms of the contract and the parties' course of dealing.  *Id.*

Purposeful direction requires a finding that the defendant's actions outside the forum state are directed at the forum, such as the distribution in the forum state of goods originating elsewhere.  *Schwarzenegger v. Fred Martin Motor Corp.*, 374 F.3d 797, 803 (9th Cir. 2004).  In *Dole Food Co. v. Watts*, the Ninth Circuit applied the "effects" test for intentional torts.  303 F.3d 1104, 1111 (9th Cir. 2002).  This test requires that the defendant allegedly have: (1) committed an intentional act, (2) expressly aimed at the forum state, and (3) causing harm that the defendant knows is likely to be suffered in the forum state.  *Id.*

The second requirement for specific jurisdiction is that the contacts constituting purposeful availment or direction be the ones that give rise to the lawsuit.  *Id.* at 1088. The Ninth Circuit measures this in terms of "but for" causation, that is, personal jurisdiction is proper only where "but for" the defendant's activities in the forum, the plaintiff's injuries would not have occurred. *Id.* This preserves the requirement that there

**MEMORANDUM ORDER - 8**

be some nexus between the cause of action and the defendant's activities in the forum.

The third and final requirement is that the exercise of personal jurisdiction be reasonable and comport with the notions of fair play and substantial justice. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). The burden is on the defendant to demonstrate unreasonableness. *Id.* The reasonableness determination requires a court to look at seven factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. *Id.*

D. <u>Applying Particular Facts of This Case</u>

Where a motion to dismiss is based on written materials rather than an evidentiary hearing, Plaintiffs need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage*, 65 F. 3d 1495, 1498 (9th Cir. 1995).

Under facts presented in this case, the Court finds Worldwide and Piccolo have purposefully availed and/or directed themselves via affirmative conduct towards Idaho residents and an Idaho limited liability company to allow or promote the transaction of business within Idaho. First, Plaintiffs have established and Defendants do not contest that they were contacted either by phone or email about investing in Worldwide while they were residing in Idaho. Second, Defendant Piccolo and Worldwide have

purposefully directed allegedly tortious actions and statements in the form of alleged

numerous false representations made by Piccolo as a representative of Worldwide or on

his own behalf to Plaintiffs. Third, and most importantly, Plaintiffs have established by

affidavit that the Echevarrias taught a class for the benefit of Defendants and Nouveau

Riche in Idaho in 2010 and were paid $10,072 for their participation in the Idaho class by

Piccolo. Plaintiffs claim Defendants collected $201,453 in proceeds from the Idaho class.

This class is strong support for the conclusion that Defendant Worldwide and Piccolo

promoted the transaction of business in Idaho. The overall conduct alleged by Plaintiffs,

even in light of the fact the contract was entered into in Arizona, is still sufficient and

similar to the types of conduct that resulted in personal jurisdiction in *Western States*

*Equipment Company v. American Amex, Inc.*, 868 P.2d 483 (Idaho 1994).

In applying "effects test" from *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th

Cir. 2002), the Court finds Worldwide and Piccolo committed intentional acts that were

expressly aimed at the forum state, and that caused harm that the defendants knew was

likely to be suffered in Idaho when Piccolo made allegedly material misrepresentations to

Plaintiffs.

The negotiations of the parties for the contract and the course of business dealings

through electronic means when Defendants knew Plaintiffs were in Idaho establish that

Defendants Worldwide and Piccolo purposefully availed or directed their activities to

Idaho and but for these contacts, Plaintiffs alleged injuries would not have occurred.

**MEMORANDUM ORDER - 10**

Finally, the Court finds the exercise of personal jurisdiction in this case over Piccolo and Worldwide is reasonable and comports with the notions of fair play and substantial justice.  Defendants have not carried their burden to establish that the exercise of personal jurisdiction would be unreasonable as to Worldwide and Piccolo.

As to Defendant Lee, the Court finds Plaintiffs have failed to carry their burden that she had sufficient contacts or purposefully availed or directed  activities in Idaho.  The alleged material false representations were made by Piccolo, not Lee.  Lee has never been to Idaho and while she did telephonically contact the Echevarrias in Idaho, the contacts were minimal and have not been shown to be material to the overall disputes between the parties.  Further, the exercise of personal jurisdiction over Lee does not comport with notions of fair play and substantial justice.  For these reasons, the motion to dismiss for a lack of jurisdiction will be granted as to Defendant Lee.

## 2.  Venue

Defendants move in the alternative to dismiss the pending action based on improper venue and/or forum non conveniens.  Since the Court has determined that personal jurisdiction exists over Worldwide and Piccolo, the Court must consider whether it is in the interest of justice to transfer the action pursuant to 28 U.S.C. §1406(a).  Section 1406(a) provides "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**MEMORANDUM ORDER - 11**

A federal court is authorized, in its discretion, to transfer proceedings from one division of a district to another, upon motion, consent, or stipulation of all of the parties. 28 U.S.C. § 1404(b).  In making a venue determination, the court must at a minimum consider whether a transfer would be (1) convenient to the parties and witnesses, and (2) in the interest of justice.  28 U.S.C. § 1404(a).

In deciding the motion to dismiss on personal jurisdiction grounds, the Court has not considered whether the claims of Plaintiffs are meritorious.  In reviewing the record in this matter, the Court finds that proper venue is a close call, but venue is definitely questionable in Idaho as compared to Arizona.  There is already a breach of contract claim pending in Arizona which was filed by Defendants.  The Court finds the majority of witnesses to these issues in this case are not in Idaho and litigating this matter would be more convenient for the potential witnesses in Arizona.  While there may have been Idaho residents who attended the training class taught in Idaho, the claims of Plaintiff relate to the conduct of Defendants in Arizona or other states besides Idaho and not the testimony of the residents who attended the training class. Furthermore, the Court finds it is in the interest of justice to transfer this action to the District of Arizona, the principal place of business of Worldwide and the residence of Piccolo.  Idaho would be a forum non conveniens as compared to Arizona.

The Court acknowledges that default has been entered against Defendant Quan Project, LLC.  However, this Court finds that the entry of default will be upheld by the Federal court in Arizona and any default judgment that may be entered against this

**MEMORANDUM ORDER - 12**

defendant can be entered by the Federal court in Arizona just as it could by the Federal Court in Idaho so this is not a basis for denying the transfer of venue.

## ORDER

**IT IS HEREBY ORDERED** that:

1) Defendant's Motion to Dismiss (Dkt. 6) is GRANTED IN PART AND DENIED IN PART.   The motion to dismiss is granted as to Defendant Lee.  The motion to dismiss is denied as to Defendants Worldwide and Piccolo.  The motion to transfer venue is granted.

2) The Clerk of Court is directed to transfer the case file to the District of Arizona, Phoenix Division.

DATED:  **February 16, 2012**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 13**